**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WALESKA CARDOSO SCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-6654 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| ALDI, INC., an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Waleska Cardoso Schell brought this lawsuit against defendant Aldi, Inc., an Illinois corporation, based on diversity of citizenship subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Schell alleges a product liability claim based on Aldi's "Ambiano 6 in 1 Programmable Pressure Cooker" (hereinafter "pressure cooker"). Before the Court is Aldi's motion to transfer venue to the United States District Court for the Eastern District of Texas, Sherman Division, under 28 U.S.C. § 1404(a). For the following reasons, the Court, in its discretion, grants Aldi's motion.

**Background**

Schell resides in the city of Prosper, Texas, which is in Collin County, and bought her pressure cooker in Little Elm, Texas, which is in Denton County. Both Denton and Collin Counties are in the Eastern District of Texas, Sherman Division.

On January 2, 2020, Schell was preparing a meal when she suffered serious and substantial burn injuries as a direct and proximate cause of the pressure cooker's lid opening while it was still under pressure. Specifically, the pressure cooker's scalding contents were projected onto her. She seeks damages related to her serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life. Meanwhile, Texas medical professionals administered treatment for her injuries in facilities located in Texas. Based on these material events

leading to the incident underlying this lawsuit, Aldi expects that significant discovery will take place in Texas.

Aldi is an Illinois corporation with its principal place of business in Batavia, Illinois, which is in Kane County in the Northern District of Illinois. Aldi presents an affidavit explaining that the pressure cooker was designed in Australia and manufactured in China. On the other hand, Aldi's legal department is in Illinois and Schell expects to depose Rule 30(b)(6) corporate witnesses who are located in Illinois. Further, Schell contends Aldi's involvement in the drafting and approval of the pressure cooker owner's manual is pivotal to her claim, and that discovery concerning the owner's manual will most likely take place at Aldi's business headquarters in Illinois.

**Discussion**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

The parties agree that venue and jurisdiction are proper in both the Northern District of Illinois and the Eastern District of Texas, therefore, the Court will evaluate "the convenience of the parties and various public-interest considerations." *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 708 (7th Cir. 2020). Factors that relate to the parties' convenience, also know as the parties' private interests, include the plaintiff's choice of forum, the location of material events, the availability and access to witnesses, and access to sources of proof. *See Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015); *Research Automation*, 626 F.3d at 978.

Schell argues that her choice of forum in the Northern District of Illinois should be granted considerable deference. As a general rule, a plaintiff's choice of forum is entitled to deference if the plaintiff has chosen her home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). "When a plaintiff's choice is not his home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Deb v. SIRVA, Inc.,* 832 F.3d 800, 806 (7th Cir. 2016) (citations omitted). And, when the material events giving rise to the dispute occur outside the chosen forum, plaintiff's preference has minimal value. *See Esposito v. Airbnb Action, LLC*, 538 F.Supp.3d 844, 848 (N.D. Ill. 2020) (Feinerman, J.); *Methode Elec., Inc. v. Delphi Automotive Sys. LLC,* 639 F.Supp.2d 903, 909 (N.D. Ill. 2009) (Coar, J.). Because many of the material events underlying Schell's product liability claim occurred in Texas, including that she suffered her injuries there, her choice of forum has minimal weight. Indeed, because these material events took place in Texas—and the design and manufacturing of the pressure cooker took place overseas—this factor weighs in favor of transferring venue to the Eastern District of Texas. *See Moore v. Motor Coach Indus., Inc.,* 487 F.Supp.2d 1003, 1007 (N.D. Ill. 2007) (Bucklo, J.).

Next, the Court considers the ease of access to resources and witnesses. Although this inquiry involves both Texas and Illinois, these factors have become less significant due to modern electronic discovery practices, especially during the COVID-19 pandemic where the majority of depositions and court hearings have been done remotely. As the Seventh Circuit explains, in "our age of advanced electronic communication, including high-quality videoconferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past. Today documents can be scanned and transmitted by email; witnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial." *In re Hudson*, 710 F.3d 716,

719 (7th Cir. 2013). Under the circumstances, the ease of access to resources and witnesses factors do not weigh in favor of either forum.

The Court turns to the public interest considerations. To that end, courts look to the respective docket congestion, the relationship of the community to the controversy, and the courts' familiarity with the relevant law. *In re Ryze Claims Sol.,* 968 F.3d at 708; *Research Automation*, 626 F.3d at 978. Examining docket congestion, courts in this district rely on the Federal Court Management Statistic Reports to compare the two districts. *See Kjaer Weis v. Kimsaprincess Inc.,* 296 F.Supp.3d 926, 935 (N.D. Ill. 2017) (Dow, J.). For the period ending on June 30, 2021, in the Eastern District of Texas, the time from filing a lawsuit until trial was 20.4 months and the time from filing to disposition was 8.1 months. Whereas, in the Northern District of Illinois, the time from filing a lawsuit until trial was 48.1 months and the time from filing to disposition was 14.2 months. As such, this public interest factor weighs heavily in favor of transfer to the Eastern District of Texas.

Also, Aldi contends that because Schell's injury and medical treatment took place in Texas, Texas has a stronger relationship to the resolution of this lawsuit than Illinois. Specifically, Aldi asserts Texas has an interest in ensuring safe products are sold in it stores. Schell does not address this argument in her response brief, and the Court finds Aldi's argument persuasive. *See, e.g., Esposito,* 538 F.Supp.3d at 849. This factor weighs in favor of transfer to Texas.

Setting aside choice of law issues, *see Looper v. Cook Inc.,* 20 F.4th 387, 390 (7th Cir. 2021), Aldi further argues that because Illinois product liability law is more favorable to Schell than Texas law, she is forum shopping. For example, Texas's distributor statute shields distributors from product liability claims whether the claim is based on strict liability, breach of warranty, or negligence. *See* Tex. Civ. Prac. & Rem. Code §§ 82.001(2), 82.002. Illinois's distributor statute, however, only applies to strict liability claims. *See* 735 ILCS 5/2-621. Again, Schell does not address this argument in her response brief.

In the end, after carefully considering and weighing the public and private interest factors, the Court, in its discretion, grants Aldi's motion to transfer venue.

**Conclusion**

For the foregoing reasons, the Court, in its discretion, grants defendant's motion to transfer venue to the Eastern District of Texas, Sherman Division [15].

IT IS SO ORDERED.

Date: 3/28/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge